IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

vs.                          CASE NO. 4:20CR00305-LPR

FREDERICK JACKSON                                                DEFENDANT

## MOTION TO SUPPRESS EVIDENCE AND BRIEF IN SUPPORT

## FACTS

On December 24, 2019, officers from Little Rock Police Department responded to a dispatch call which alleged that a black male wearing a camo jacket was selling drugs near 8th St. and Cumberland. None of the police reports identify the person who made the call to the Little Rock Police Department. The initial responding officer, Officer Jake Starks, observed Mr. Frederick Jackson wearing a camo jacket walking eastbound on 8th Street. Officer Starks made contact with Mr. Jackson and told him he was responding to a call about Mr. Jackson selling drugs, to which Mr. Jackson responded he had just been in his car and pointed towards his Chevrolet Tahoe. At that time, Officers Riley Goad and Drew Farmer arrived, and Mr. Jackson began to walk away. According to Officer Farmer's report of the incident, all three officers then surrounded Mr. Jackson. Officer Starks told Mr. Jackson to stop walking, and Mr. Jackson hesitated before resuming walking away. All three officers then grabbed and tackled Mr. Jackson to the ground. Officer Starks kneeled on the rear of Mr. Jackson's head in the process, pushing Mr. Jackson's face into the pavement. Mr. Jackson was then taken into custody. *See Attached Exhibit A.*

1

## SUMMARY OF ARGUMENT

The detention and seizure of Mr. Jackson by the police was a violation of Arkansas Rules of Criminal Procedure 3.1 and 2.2, and the Fourth Amendment of the United States Constitution. Rule 3.1 of the Arkansas Rules of Criminal Procedure requires that an officer must reasonably believe that a person is committing, has committed, or is about to commit a crime for the officer to detain a person. Rule 2.2 of the Arkansas Rules of Criminal Procedure provides that an officer may only request, not require, a person to respond to questions or otherwise cooperate with an officer's request in the investigation or prevention of a particular crime.

Officers Starks, Goad, and Farmer did not have any reasonable suspicion that Mr. Jackson was committing, had committed, or was about to commit any crime; nor was Mr. Jackson required to respond to any request in the investigation or prevention of a particular crime; therefore, any evidence obtained subsequent to the illegal seizure of Mr. Jackson must be suppressed.

## ARGUMENT

1. THE UNITED STATES SUPREME COURT RECOGNIZES THAT AN ANONYMOUS TIP ALONE DOES NOT SUPPLY THE REASONABLE SUSPICION REQUIRED TO JUSTIFY A STOP.

The Supreme Court held in *Florida v. J.L.* that the reasonableness of suspicion must be measured by what officers know before they conduct a search, and that the bare report of an unknown, unaccountable informant who neither explains how he knows unlawful conduct is at play, nor supplies any basis for believing he has inside information about such conduct, does not illustrate the reliability required to justify an investigatory stop. *Fla. v. J.L.*, 529 U.S. 266, 271 (2000). An anonymous tip must be sufficiently corroborated by the informant's basis of knowledge or veracity to sufficiently supply reasonable suspicion to make an investigatory stop.

2

*Id.* at 270. An informant's reliability may be established by independent police observation which confirms the informant's knowledge about a person's future movements, however, even familiarity with a person's affairs does not necessarily imply knowledge of criminal activity; for this reason, even cases where an anonymous informant displays some personal knowledge of a suspect's future movements have been classified as "close" cases. *Id.* at 270-71 (citing *Alabama v. White*, 496 U.S. 325 (1990)).

The facts in *J.L.* are similar to those in the instant case. In *J.L.*, an anonymous caller alleged that a black male wearing a plaid shirt at the bus stop was carrying an illegal firearm. *Id.* Responding officers located a suspect matching the description, however, the Court held that a tip must be reliable in its assertion of illegality, not merely in its tendency to identify a determinate person. *Id.* at 272. The fact that the allegation turned out to be correct did not suggest that the officers had a reasonable basis for suspecting J.L. of engaging in illegal conduct. *Id.* at 271.

Here, the police reports do not identify the caller, suggesting the caller did not identify himself or herself, nor did the report provide any basis for believing that the caller had inside knowledge about Mr. Jackson's conduct. The caller alleged a bare report that a black male in a camo jacket was selling drugs. Although the caller identified a black male wearing a jacket, the call did not demonstrate any credibility as to knowledge of criminal activity. The officers did not perform any independent observation prior to making contact with Mr. Jackson besides confirming that he was a black male wearing a camo jacket, thus did not establish any basis for assigning credibility to the informant's allegation of criminal activity. The officers did not have sufficient reasonable suspicion based on the anonymous tip to detain and search Mr. Jackson.

3

2. AN OFFICER MAY ONLY REQUEST THAT A PERSON FURNISH INFORMATION OR OTHERWISE COOPERATE WITH THE OFFICER'S REQUEST WHEN INVESTIGATING A CRIME; COMPLIANCE WITH THE REQUEST MAY NOT BE REGARDED AS INVOLUNTARY.

Arkansas Rule of Criminal Procedure 2.2 allows an officer to request a person to furnish information if he is investigating or preventing a particular crime. Ark. R. Crim. P. 2.2(a). However, encounters under Ark. R. Crim. P. 2.2 are permissible only if compliance with the request for information or other cooperation is voluntary. Ark. R. Crim. P. 2.2(b). Rule 2.2 does not provide authority for an officer to seize or require a citizen to comply with the officer's request; the rule only allows the officer to approach a citizen much in the same way a citizen may approach another citizen and request aid or information. *Scott v. State*, 67 S.W.3d 567, 573 (Ark. 2002). The Arkansas Supreme Court explained in *Scott v. State* that when an encounter between an officer and citizen extends beyond one which is consensual; the encounter is a seizure and outside of the scope of Rule 2.2. *Id.* at 574.

When Officer Starks requested that Mr. Jackson stop and cooperate with his investigation, Mr. Jackson had no duty to respond, and was within his right to refuse such a request as specified by ARCP 2.2(b). Once Mr. Jackson refused the officer's "request to cooperate," the encounter was no longer permitted by Rule 2.2. Officer Starks' indication that Mr. Jackson was obligated to cooperate by demanding that Mr. Jackson stop walking, by all the officers surrounding Mr. Jackson, and subsequently seizing Mr. Jackson was an illegal seizure and violation of ARCP 2.2.

3. IT IS WELL ESTABLISHED THAT SEARCHES AND SEIZURES MUST PASS A TEST OF OBJECTIVE REASONABLENESS TO PREVENT ARBITRARY AND DISCRIMINATORY LAW ENFORCEMENT.

The Constitution mandates that all searches and seizures be reasonable. U.S. Const. Amend. IV. Whenever a police officer accosts an individual and restrains his freedom to walk

4

away, he has 'seized' that individual within the meaning of the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 16 (1968). To justify such a seizure, the detaining officer must have specific articulable facts which, taken together with rational inferences from those facts, leads him to conclude that the person detained is, has been, or soon will be engaged in criminal activity.

Arkansas Rule of Criminal Procedure 3.1 requires that an officer have reasonable suspicion that a person is committing, has committed, or is about to commit a crime prior to stopping and detaining that person. Ark. R. Crim. P. 3.1. A finding of reasonable suspicion rests upon the totality of the circumstances, and walking away from the police is not indicative of criminal behavior. *U.S. v. James*, 62 F. Supp. 3d 605, 613 (E.D. Mich. 2014) (no reasonable suspicion where suspect with sagging pants walked away from officers in a high crime area); *Petro v. Town of W. Warwick ex rel. Moore*, 889 F. Supp. 2d 292, 323 (D.R.I. 2012) (no reasonable suspicion where suspect walked away from police investigating anonymous call alleging vandalism and stated "you're not the boss of me" in response to commands to stop walking away).

Here, Mr. Jackson was seized when the officers surrounded him and then grabbed him and tackled him to the ground. This seizure was a violation of the Fourth Amendment and Rule 3.1. The officers did not have knowledge of any specific articulable facts which would lead to a reasonable conclusion that Mr. Jackson was engaged in any criminal activity. Merely walking down the street is not, without more, suspicious, and a bare allegation made by an anonymous caller without any established credibility does not supply reasonable suspicion of criminal wrongdoing. Any evidence subsequently discovered as a result of Mr. Jackson's unconstitutional seizure must be considered fruit of the poisonous tree and consequently suppressed.

## CONCLUSION

The seizure of Mr. Jackson was a violation of Arkansas Rules of Criminal Procedure 3.1 and 2.2, and the Fourth Amendment of the United States Constitution. Officers Starks, Goad, and Farmer did not have reasonable suspicion that Mr. Jackson was committing, had committed, or was about to commit any crime; nor was Mr. Jackson required to respond to any request in the investigation or prevention of a particular crime; therefore, any evidence obtained subsequent to the illegal seizure of Mr. Jackson must be suppressed.

WHEREFORE, Defendant Frederick Jackson respectfully requests this Court grant his Motion and suppress any and all evidence gained subsequent to his illegal stop by the police.

Respectfully submitted,

Toney B. Brasuell
Brasuell Law Firm, PLLC
3700 Old Cantrell Rd., Suite 102
Little Rock, AR 72202
(501) 404-7111-phone
(501) 325-2135-fax
toney@tbblawyer.com

By: /s/ *Toney B. Brasuell*
Toney B. Brasuell
ABA No. 2005279

# ARKANSAS ARREST / DISPOSITION REPORT
## Little Rock Police Department   NCIC: AR0600200




PRESS HARD - You are making multiple copies

DATE SCANNED 02/06/2020 BHS

### DEFENDANT IDENTIFICATION

- **Name: Last:** Jackson  **First:** Fredrick  **Middle:**
- **Aliases:**
- **Street Address:** 10712 Highway 365 S
- **City:** Little Rock  **State:** AR  **Zip:** 72206  **Phone Number:**
- **Computer Use - CSN:**  **FBI Number:**  **State I.D. Number:**
- **Social Security Number:**  **Drivers License:** 999133080  **State:** AR  **Employer/Occupation:**
- **Sex:** ☑ Male ☐ Female  **Race:** ☐ White ☑ Black ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander ☐ Unknown  **Ethnicity:** ☑ Non-Hispanic ☐ Hispanic
- **Date of Birth:** Month 09 Day 66 Year 1986  **Age:**  **Scars, Marks, Tattoos:**
- **Hair:** Blk  **Eyes:** Bro  **Weight:** 200  **Height:** 5'11"  **Place of Birth:**
- **Name of Nearest Relative:**  **Phone Number:**
- **Street Address:**  **City, State, Zip:**

### ARREST INFORMATION

- **Place of Arrest:** 8th + Cumberland
- **Arresting Officers:** Starks 37077 / Good 37974 / Farmer 37766 / Hudeh 36187
- **Date of Arrest:** 12/24/2018  **Time of Arrest:** 0856  **Bail Amount Set:**
- **Report Number:** 2019-159056
- **Agency Received From:** LRPD  **Agency Transferred To:** PCRS

| Case/Docket Number | Statute Number | Counts | Charge Description | Law Enforcement Action | Date of Action |
|---|---|---|---|---|---|
|  | 5-64-420 | 1 | Poss. Sch II w/P (cocaine) | B felony | 12/24/2018 |
|  | 5-64-424 | 1 | Poss Sch II (oxycodone) | C felony | 12/24/2018 |
|  | 5-64-443 | 1 | Poss Drug Paraphernalia | D felony | 12/24/2018 |
|  | 5-73-103 | 1 | Poss Firearm Certain Person | B felony | 12/24/2018 |
|  | 5-74-106 | 1 | Simultaneous Poss Drug/Firearm | Y felony | 12/24/2018 |

**Facts of Arrest (PC):** On 12/24/2018, at approximately 0850 hours, I responded to 8th + Cumberland. Communications advised a B/M wearing a camo jacket was dealing drugs out of a black Suburban. Upon arrival I observed Mr Jackson matching that description walking away from a black Suburban. I asked Mr Jackson if I could see the bag he was holding and he began to walk away. Officer Good then grabbed him and we took him to the ground where he actively resisted us. After taking him into custody Officer Hutchinson found white powdery substance in his bag. MVR in use.

- **Complainant & Witness Names:**  **Address:**  **Phone:**  **Right Thumb Print:**
- Complainant — Home / Business
- Witness — Home / Business
- Witness — Home / Business

**Court Trying Case:** 1st Di...  **Court Date:** 01/08/2020  **Time:** 0830

EXHIBIT A

White, Records   Canary, Court   Pink, ...

# ARKANSAS ARREST / DISPOSITION REPORT
## Little Rock Police Department    NCIC: AR0600200
PRESS HARD - You are making multiple copies



### DEFENDANT IDENTIFICATION

- **Name: Last:** Jackson
- **First:** Fredrick
- **Middle:**
- **Aliases:**
- **Street Address:** 10712 Highway 365 S
- **City:** Little Rock
- **State:** AR
- **Zip:** 72206
- **Phone Number:**
- **Computer Use - CSN:**
- **FBI Number:**
- **State I.D. Number:**
- **Social Security Number:**
- **Drivers License:** 999133080
- **State:** AR
- **Employer/Occupation:**
- **Sex:** ☒ Male
- **Race:** ☒ Black
- **Ethnicity:** ☒ Non-Hispanic
- **Date of Birth:** Month 09 Day 06 Year 1986
- **Hair:** Blk
- **Eyes:** Bro
- **Weight:** 200
- **Height:** 5'11
- **Scars, Marks, Tattoos:**
- **Place of Birth:**
- **Name of Nearest Relative:**
- **Phone Number:**
- **Street Address:**
- **City, State, Zip:**

Date Scanned: 02/06/2020 PHS

### ARREST INFORMATION

- **Place of Arrest:** 8th & Cumberland
- **Arresting Officers:** Clarks 37077 / Good 37974 / Farmer 3776 / Hutch 36187
- **Date of Arrest:** 12/24/2019
- **Time of Arrest:** 0356
- **Bail Amount Set:**
- **Report Number:** 2019-159056
- **Agency Received From:** LRPD
- **Agency Transferred To:** PCRS

| Case/Docket Number | Statute Number | Counts | Charge Description | Law Enforcement Action | Date of Action |
|---|---|---|---|---|---|
| | 5-54-103 | 1 | Resisting Arrest | A n/s | 12/24/2019 |
| | 5-54-102 | 1 | Obst Gov Ops | C n/s | 12/24/2019 |

**Facts of Arrest (PC):** On 12/24/2019 at approximately 0350 hours I responded to 8th & Cumberland. Communications advised a b/m wearing a camo jacket was dealing drugs out of a black Suburban. Upon arrival I observed Mr Jackson matching that description walking away from a black Suburban. I asked Mr Jacky if I could see the bag he was holding and he turned to walk away. Officer Good then grabbed him and he struggled. A firearm then fell to the ground. We then took him to the ground where he actively resisted. After taking him into custody, Officer Hutch then found what appears to be substance in his bag. Marijuana.

| Complainant & Witness Names | Address | Phone | Right Thumb Print |
|---|---|---|---|
| Complainant | Home / Business | | |
| Witness | Home / Business | | |
| Witness | Home / Business | | |

- **Court Trying Case:** 1st Div
- **Court Date:** 01/08/2020
- **Time:** 0830

STATEMENT OF FACTS
RE:   FREDRICK JACKSON

On 12/24/2019, at approximately 0356 hours, Officer Drew Farmer 37766, Officer Jake Starks 37077 and Officer Andrew Hutchinson 36187, responded to 208 E 8th Street on narcotics law violation, concerning a black Chevy Suburban with Arkansas tags 739YJE (VIN# 36NFK16Z92G272939), and a black male, later identified as Fredrick Jackson, B/M, DOB: 09/06/1986. The vehicle showed to belong to Mr. Jackson. Officers made contact with Mr. Jackson, who attempted to walk away from them. Officers grabbed Mr. Jackson, as he began to struggle with Officers, a black revolver fell from his possession. Mr. Jackson was taken into custody after a brief struggle. Officers located a black backpack on Mr. Jackson that contained suspected cocaine and oxycodone pills. Mr. Jackson was then transported to the 12th Street Station for questioning. The vehicle was towed to the city impound. Contact was made with Detective Russ Littleton at the 12th Street Station.

Officer Hutchison relinquished custody of the evidence to Detective Russ Littleton at the 12th Street Station Duty Room. Detective Russ Littleton maintained custody of the evidence until his arrival at the 12th Street Station Property Room, where he properly logged, tagged and stored the evidence under the following Property Tag #:

- E-1.  Three (3) baggies of white rocks, located by Officer Andrew Hutchison. Stored under Property Tag #654152.
- E-2.  Prescription bottle w/ two (2) white pills (223), located by Officer Andrew Hutchison. Stored under Property Tag #654153.
- E-3.  Cigar w/ residue, located by Officer Andrew Hutchison. Stored under Property Tag #654154.

Detective Russ Littleton submitted the evidence to the Arkansas State Crime Lab for further analysis.

Mr. Jackson was not Mirandized.

All other evidence was stored by arresting Officers.

Mr. Jackson was charged with Possession of Cocaine w/Purpose, Possession of Oxycodone, Possession of Drug Paraphernalia, Possession of a Firearm by Certain Person, Simultaneous Possession of Drugs/Firearm, Resisting Arrest and Obstructing

3

Governmental Operations. Mr. Jackson was transported to Pulaski County Regional Detention Facility and held in lieu of bond.

DATE SCANNED 02/06/2020 BHS

4

# OFFICER'S REPORT

DATE: 12/24/2019           SUBJECT: 2019-159056

TO:   Sgt. Harris

FROM: Officer D. Farmer 37766

Ma'am,

On today's date while working Z53 in vehicle 18C478 with Ofc. Goad, we responded to the area of 209 E 8th St in reference to a narcotics law violation. The complainant advised a black male in a black skull cap and a camo jacket was selling drugs out of a black Suburban. Upon arrival, Ofc. Starks attempted to make contact with the b/m, matching the given description, but he was acting like he would attempt to run. Ofc. Goad, Ofc. Starks, and I then surrounded him. He then attempted to turn away from us, which is when Ofc. Goad grabbed him from behind and I grabbed his right arm. The b/m then began to resist, which is when a revolver fell to the ground at his feet. The b/m continued to resist, which is when I grabbed his legs and assisted Ofc. Goad and Ofc. Starks in guiding him to the ground. While he was sitting on the ground with myself and Ofc. Starks in front of him, he continued to resist while I held his left arm behind his back. Ofc. Goad attempted to perform an LVNR, due to the possibility of the suspect having another firearm, with negative results. We then rolled him over to his stomach and were able to place his hands behind his back. We were then finally able to handcuff him. Upon being searched, Ofc. Hutchison located 3 bags of white powdery substance in a black bag he was wearing. He was then placed into a patrol vehicle and MEMS responded in reference to the suspect having a bloody lip. Once MEMS arrived on scene, the suspect refused medical treatment. The suspect then continued to refuse to identify himself. Sgt. Harris was notified and responded to the scene. She then notified detectives. The vehicle the suspect was seen in returned to a Fredrick Jackson (b/m 09/06/1986), which was found to be the suspect after an NCIC/ACIC inquiry of the vehicle. Antonio Jackson (b/m 12/17/1998) was located inside the vehicle and he was taken into custody. Mr. Antonio was found to have an active FTA warrant out of this department. All subjects were then transported to the 12th Street Substation. Upon further investigation, Mr. Fredrick was charged with Possession of Cocaine with purpose, possession of oxycodone, possession of drug paraphernalia, possession of firearm by certain person, simultaneous possession guns and drugs, resisting arrest, and obstruction. He was then transported to PCRJ without incident. Mr. Antonio was transported to PCRJ, where he was served with his warrant. All narcotics and the firearm were stored. MVR in use.

Respectfully,

SIGNATURE: Du-Fan- 37766

NOTE: Use this form for all written reports to your supervisor. Use additional paper of the same size if needed

7                                                                                              5600-2

DATE SCANNED 02/06/2020 BHS

## /OFFICER'S REPORT

**DATE:** 12/24/2019  **SUBJECT:** 2019-159056

**TO:** SGT White

**FROM:** Jake Starks 37077

Sir,

On 12/24/2019, at approximately 0350 hours, I was working 2X42 driving 18C464. I responded to 8th and Cumberland in reference to a narcotics law violation. Communications advised a black male wearing a camo jacket was dealing drugs out of a black SUV. Upon my arrival I observed Frederick Jackson (B/M DOB: 09/06/1986) wearing a camo jacket walking eastbound on 8th St away from a black Chevrolet Tahoe (LPN: 739YJE). I then made contact with Mr. Jackson and stated that I was there for a call about him dealing drugs. Mr. Jackson then became visibly nervous. Mr. Jackson advised he was just in his car and pointed toward the Tahoe. At this time Officers Goad and Farmer (Z53) arrived. Mr. Jackson then began walking away from us, toward his vehicle. I told Mr. Jackson to stop walking and he hesitated. Mr. Jackson then began walking away again and Officer Goad grabbed him. Officer Farmer and I also grabbed and attempted to detain him for our safety. Mr. Jackson then began to struggle and a black revolver with a wood grain handle fell from his possession. Officer Goad then assisted Mr. Jackson to the ground in a controlled manner, while Officer Farmer and I guided his descent. While on the ground Mr. Jackson began to actively resist us. I then attempted an arm bar on Mr. Jackson's right arm. Mr. Jackson continued to resist so we rolled him on his stomach. While Mr. Jackson was on his stomach I attempted to gain a better position at the top of his body. When I attempted this my right knee landed on the rear of Mr. Jackson's head, pushing his face into the pavement. We were then able to take Mr. Jackson into custody. Officer Hutchinson (2Y50) then searched the contents of Mr. Jackson's bag and found 2 bags of white powdery substance and a pill bottle with 2 pills inside labeled "Oxycodeine". Mr. Antonio Jackson (B/M DOB: 12/17/1998) was inside Mr. Jackson's vehicle. After running a warrants check he came back positive for warrant number LR-19-12777 out of Little Rock. Ms. Sarah Mccloud (B/F DOB: 03/09/1999) was also inside Mr. Jackson's vehicle. All three subjects were transported to 12th Street Substation for questioning. Mr. A Jackson was then transported to PCRJ for his warrant and Mr. F Jackson was transported to PCRJ for multiple charges. MVR in use.

RESPECTFULLY,

SIGNATURE:

NOTE: Use this form for written reports to your Supervisor. Use additional paper of the same size if needed.

LRPD Form 5600-2



| INCIDENT NUMBER 2019-159056 | ☐ JUVENILE INFORMATION | Report generated: 12/31/2019 11:01 AM |

## NARRATIVE

ON 12/24/2019, AT APPROXIMATELY 0350 HOURS, I WAS WORKING 2X42 DRIVING 18C464. I RESPONDED TO 8TH AND CUMBERLAND IN REFERENCE TO A NARCOTICS LAW VIOLATION. COMMUNICATIONS ADVISED A BLACK MALE WEARING A CAMO JACKET WAS DEALING DRUGS OUT OF A BLACK SUV. UPON MY ARRIVAL I OBSERVED FREDERICK JACKSON (B/M DOB: 09/06/1986) WEARING A CAMO JACKET WALKING EASTBOUND ON 8TH ST AWAY FROM A BLACK CHEVROLET TAHOE (LPN: 739YJE). I THEN MADE CONTACT WITH MR. JACKSON AND STATED I WAS THERE FOR A CALL ABOUT HIM DEALING DRUGS. MR. JACKSON THEN BECAME VISIBLY NERVOUS. MR. JACKSON ADVISED HE WAS JUST IN HIS CAR AND POINTED TOWARD THE TAHOE. AT THIS TIME, OFFICERS GOAD AND FARMER (Z53) ARRIVED. MR. JACKSON THEN BEGAN WALKING AWAY FROM US, TOWARD HIS VEHICLE. I TOLD MR. JACKSON TO STOP WALKING AND HE HESITATED. MR. JACKSON THEN BEGAN WALKING AWAY AGAIN AND OFFICER GOAD GRABBED HIM. OFFICER FARMER AND I ALSO GRABBED MR. JACKSON'S JACKET AND ATTEMPTED TO DETAIN HIM FOR OUR SAFETY. MR. JACKSON THEN BEGAN TO STRUGGLE AND A BLACK REVOLVER WITH A WOOD GRAIN HANDLE FELL FROM HIS POSSESSION. OFFICER GOAD THEN ASSISTED MR. JACKSON TO THE GROUND IN A CONTROLLED MANNER, WHILE OFFICER FARMER AND I GUIDED HIS DESCENT. WHILE ON THE GROUND, MR. JACKSON BEGAN TO ACTIVELY RESIST US. I THEN ATTEMPTED AN ARM BAR ON MR. JACKSON'S RIGHT ARM. I OBSERVED OFFICER GOAD APPLYING A LATERAL VASCULAR NECK RESTRAINT (LVNR) WHICH DID NOT APPEAR TO HAVE ANY EFFECT. MR. JACKSON CONTINUED TO RESIST, SO AS I MAINTAINED CONTROL OF HIS RIGHT ARM WE ROLLED HIM ON HIS STOMACH. WHILE MR. JACKSON WAS ON HIS STOMACH, WHILE MAINTAINING CONTROL OF MR. JACKSON'S RIGHT ARM, I ATTEMPTED TO GAIN A BETTER POSITION AT THE TOP OF HIS BODY. WHEN I ATTEMPTED THIS MY RIGHT KNEE LANDED ON THE REAR OF MR. JACKSON'S HEAD, PUSHING HIS FACE INTO THE PAVEMENT. I THEN WAS ABLE TO HOLD HIS RIGHT ARM BEHIND HIS BACK WHILE OFFICER HUTCHINSON AND OFFICER FARMER PLACED HANDCUFFS ON MR. JACKSON. THE HANDCUFFS WERE DOUBLE LOCKED AND CHECKED FOR TIGHTNESS. WE WERE THEN ABLE TO TAKE MR. JACKSON INTO CUSTODY. OFFICER HUTCHINSON (2Y50) THEN SEARCHED THE CONTENTS OF MR. JACKSON'S BAG AND FOUND 3 BAGS OF WHITE POWDERY SUBSTANCE AND A PILL BOTTLE WITH 2 PILLS INSIDE LABELED OXYCODEINE. MEMS WAS NOTIFIED BUT MR. JACKSON REFUSED MEDICAL ATTENTION. WHILE WE WERE DEALING WITH MR. JACKSON, OFFICER SMITH (2Y50) WAS MAKING CONTACT WITH THE OCCUPANTS OF THE BLACK TAHOE, LATER IDENTIFIED AS MR. ANTONIO JACKSON (B/M DOB: 12/17/1998) AND MS. SARAH MCCLOUD (B/F DOB: 03/09/1999). AFTER RUNNING A RECORDS CHECK ON BOTH SUBJECTS, WE DISCOVERED MR. A JACKSON WAS POSITIVE FOR WARRANT NUMBER LR-19-12777 OUT OF LITTLE ROCK CRIMINAL COURT. MS. MCCLOUD WAS DETAINED AND PLACED IN HANDCUFFS AS PART OF THE INVESTIGATION. ALL THREE SUBJECTS WERE TRANSPORTED TO 12TH STREET SUBSTATION FOR QUESTIONING. MR. A JACKSON WAS THEN TRANSPORTED TO PCRJ FOR HIS WARRANT AND MR. F JACKSON WAS TRANSPORTED TO PCRJ FOR MULTIPLE DRUG AND FIREARM CHARGES. MVR IN USE.

DATE SCANNED 02/06/2020 BHS